# Jessop *v.* Ivory, Appellant.

158   71
s172  51

158        71
je 26 SC 568

*Corporations—Conditional subscription to stock—Promoters—Evidence—Question for jury.*

In an action against a promoter of a corporation to recover the amount of a stock subscription paid by plaintiff as a subscriber, plaintiff claimed that when the subscription was made defendant agreed that the money should be returned to plaintiff if he were dissatisfied. Plaintiff averred that under this agreement he had rescinded the contract. Defendant offered evidence which tended to show that plaintiff had directed him to sell the stock at a price named, that plaintiff had also given a proxy to vote his stock, and that he had attended and participated in the business of a stockholders' meeting. *Held,* that the case was for the jury, with instructions that the facts alleged by defendant were prima facie acts of ownership inconsistent with the demand for rescission, and that the jury were at liberty to infer from them an acquiescence in defendant's refusal, and an abandonment or waiver of such demand.

*Contract—Parol agreement—Evidence.*

A written agreement is presumed to contain the whole contract between the parties, and the jury must so find, unless satisfied by clear and convincing evidence that another part of the agreement was in fact made at the time, but by fraud, mistake or accident omitted from the writing.

*Evidence—Cross-examination—Discretion of court—Review.*

Collateral matters tending to prejudice the other parties in the minds of the jury should not be brought out on cross-examination, merely for the purpose of laying ground for subsequent contradiction to affect the credibility of a witness. But as considerable latitude must be allowed to the discretion of the court in the matter of cross-examination, the Supreme Court will not reverse unless convinced of clear error in the exercise of this discretion.

Argued Oct. 10, 1893.   Appeal, No. 43, Oct. T., 1893, by defendant, R. B. Ivory, from judgment of C. P. Armstrong Co., March T., 1892, No. 126, on verdict for plaintiff, C. J. Jessop. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for money paid for corporation stock.

At the trial, before RAYBURN, P. J., it appeared that in May, 1889, plaintiff subscribed $1,000 to the stock of the Rolled Steel Carriage Wheel Company, at request of defendant. Plaintiff claimed that at the time of the subscription defendant promised that he would refund to plaintiff his money with interest in case plaintiff became dissatisfied. Plaintiff claimed that in July, 1889, he became dissatisfied and tendered his certificate to defendant, and demanded back his money, but was refused. Defendant denied that he had made any such agreement, and claimed that the only condition upon which plaintiff was to have a return of his money was embraced in the receipt given at the time the money was paid, which was a provision that the money should be refunded if the company failed to secure a patent which had been applied for. Defendant offered in evidence plaintiff's telegram of Jan. 13, 1890, directing a sale of the stock at $15 per share; his proxy of July 2, 1890, authorizing the voting of the stock at the annual meeting; his letter of inquiry with reference to the progress of work at the factory, under date of March 16, 1891; and testimony of witnesses showing his attendance at the meeting of the stockholders, and participation in the transaction of the business thereof, and demeaning himself as the owner of the stock for a period of almost two years.

When defendant was on the stand, under cross-examination, the following offer was made:

Mr. Leason: It being in evidence that the capital stock is $600,000, we propose to ask the witness how that stock was issued; how much of it was treasury stock; how much of it was issued to the incorporators, and what value they paid to the corporation for it. We do this for the purpose of laying foundation for contradiction, to prove that Mr. Ivory—for the purpose of asking Mr. Ivory if all the stock of the incorporation was not issued to the incorporators, and if he did not tell James M. •

Hileman that that was the case, and that the money received for this stock went into the pockets of the incorporators, and that the stockholders could see to furnishing money to run the corporation. Objected to : (1) because it is not cross-examination of any material fact drawn out of the witness in his direct examination; (2) because the books of the corporation are the best evidence of the fact; and (3) because the plaintiff has failed to cause any process to be served upon us to produce the books, if we were in possession of them, which we deny, and because the question is irrelevant. Objection overruled, and exception. [1–4]

The witness testified substantially as in the offer.

The court charged in part as follows :

[" Gentlemen, in considering the evidence in this case, and in order to enable you to arrive at a correct conclusion, it will be necessary for you to take into consideration the testimony of these different persons who have been upon the witness stand, and if you would come to the conclusion from all the evidence that there had not been at the time of the purchase of this stock an agreement entered into between Ivory and Jessop that this money was to be refunded and the stock returned upon Jessop's becoming dissatisfied, if there was no such an arrangement entered into at that time when Jessop purchased this stock and paid the money for it, and the only condition in the contract was that it was to be returned on the not granting of a patent, the plaintiff could not recover in this case. [But if you would find from the evidence that there was an agreement entered into between them at that time, that Jessop was to receive back his one thousand dollars and return the stock upon his becoming dissatisfied with it, and that he did go to Ivory and tender him this stock and demand his money, and that there has not been anything done by the plaintiff to do away with that contract, or waive it in any way subsequent to that time and the bringing of this suit, he would be entitled to recover.] [6]    And now we think, gentlemen, that the questions of law raised by these points, when we answer them in your hearing, you will have sufficient information in this case to enable you to come to a correct conclusion as to what is right between these parties. The evidence has been discussed very ably and fully by the counsel. Gentlemen of the jury, you will

take this case from the evidence before you, and the instructions we have given you, and find whether or not the defendant owes the plaintiff, and how much. If he does not owe him, you find a verdict generally for the defendant. If he owes him, your verdict would be for the plaintiff for $1,000, with interest from the time of demand."] [13]

Plaintiff's first point was as follows:

" 1. If the jury believes, from the evidence, that R. B. Ivory promised C. J. Jessop before he purchased the stock in dispute that he, Ivory, would refund to him, Jessop, his money with interest at any time he became dissatisfied, and in pursuance of this promise Jessop purchased the stock and paid for the same one thousand dollars; that afterwards Jessop called upon Ivory, offered to return to him his stock, stating his dissatisfaction therewith, and demanded his money, which Ivory refused to return, a right of action on the contract then accrued, and the verdict of the jury ought to be for the plaintiff for the amount of money paid by Jessop to Ivory, together with interest from the date when such demand was made." Affirmed. [5]

Defendant's points were among others as follows:

" 3. If the jury should find from the evidence a guaranty and promise by the defendant that he would at any time on demand refund to the plaintiff his money with interest, should he become dissatisfied with the purchase, and further find that the plaintiff did about June, 1889, make demand for the repayment of his money and offered to return the stock to the defendant, and that the defendant refused to repay the money and declined to accept the stock, but should also find that after such demand and refusal, the plaintiff treated the stock as his own, he is not entitled to recover, and the verdict must be for the defendant." Refused. [7]

" 5. If the jury should find from the evidence a demand for repayment as recited in the two preceding points, it was the duty of the plaintiff thereafter to treat the stock as the stock of the defendant. And if they find that he afterwards exercised ownership over the same he cannot recover in this action, and the verdict must be for the defendant." Refused. [8]

" 6. That the plaintiff's telegram to the defendant of Jan. 13, 1890, his proxy to S. B. Cochran of July 2, 1890, and his letter to the defendant of March 16, 1891, and his uncontradicted

testimony of his ownership of the stock until the repayment of his money, amount in law to an abandonment of his alleged previous demand of June, 1889, and an absolute purchase of the stock, and therefore the verdict of the jury must be for the defendant." Refused. [9]

" 7. That the plaintiff's telegram to the defendant of Jan. 13, 1890, his proxy to S. B. Cochran of July 2, 1890, his attendance at the stockholders' meeting of June, 1890, and participation in the business thereof, and his letter to the defendant of March 16, 1891, are evidence of his absolute ownership of the stock in question, and strong presumptive evidence of an abandonment of his former demand, and an election to retain the stock, and if the jury should find therefrom, and from all evidence in the case such an abandonment and election, their verdict must be for the defendant. *Answer :* That point is refused. But we say to you, you take into consideration the facts as stated in that point as to whether or not there was such a contract entered into as the plaintiff alleges was entered into by him with the defendant as to the return of the money." [10]

" 8. If the jury should find an abandonment of the demand for repayment and an election to retain the stock as recited in the preceding point, such abandonment and election amount in law to an absolute repurchase of the stock, and the liability for the defendant under the alleged original guaranty and promise to repay was at an end, and could not be revived by any subsequent demand." Refused. [11]

" 9. It having been shown by competent evidence that at the time of the payment of the money the defendant gave to the plaintiff a receipt expressing the terms of the agreement, such written instrument must stand as the agreement of the parties, unless it is shown that any of its parts were omitted by accident, fraud or mistake. *Answer:* That point we would affirm, but we say to you, gentlemen, in connection with that, that the receipt must be found by you to contain the entire contract of the parties, or what was the contract of the parties at the time it was given." [12]

Verdict and judgment for plaintiff for $1,208. Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, (5–13) in-

structions; quoting bills of exception, evidence and instructions.

*J. M. Hunter, J. B. Neale* and *J. H. Painter* with him, for appellant, cited: Garrett v. Gonter, 42 Pa. 143; Hays v. Paul, 51 Pa. 134; Leech v. Leech, 21 Pa. 72; Killion v. Powers, 51 Pa. 429; Short v. Messenger, 126 Pa. 637; Laubach v. Laubach, 73 Pa. 392; Longenecker v. Penn. R. R., 105 Pa. 334; Cover v. Manaway, 115 Pa. 338; Barnhart v. Lockwood, 152 Pa. 82; Keating v. Orne, 77 Pa. 93; Lewis v. Carstairs, 5 W. & S. 205; Shaw v. Lewiston etc. Turnpike Co., 2 P. & W. 461; Morgan v. McKee, 77 Pa. 231; Leaming v. Wise, 73 Pa. 176; Atchison v. McCullough, 5 Watts, 13; Mills v. Buchanan, 14 Pa. 59; Bishop on Cont., §§ 781, 808; Fire Ass'n v. Rosenthal, 108 Pa. 474; Stutz v. Coal & Coke Co., 131 Pa. 267; Summers v. Ritchey, 30 Pa. 147; Beetem v. Burkholder, 69 Pa. 253; Ong v. Campbell, 6 Watts, 392; Pearsol v. Chapin, 44 Pa. 9; Negley v. Lindsay, 67 Pa. 217.

*M. F. Leason,* for appellee, cited: Bohan v. Avoca Boro., 154 Pa. 404; Hester v. Com., 85 Pa. 139; Farmers' Mut. Fire Ins. Co. v. Blair, 87 Pa. 124; Eldred v. Hazlett's Adm'rs, 33 Pa. 316; Mayor of Philadelphia v. Riddle, 25 Pa. 263; Laubach v. Laubach, 73 Pa. 392.

OPINION BY MR. JUSTICE MITCHELL, October 30, 1893:

There were two errors in the trial, for which the judgment must be reversed. The defence was a denial of the contract sued on, and, secondly, an allegation that even if such a contract had been made in plaintiff's favor he had waived it. This branch of the defence the learned judge only touched in the most indefinite way, in his general charge that if " there has not been anything done by the plaintiff to do away with that contract, or waive it in any way subsequent to that time and the bringing of this suit, he would be entitled to recover." This instruction would scarcely be adequate if it stood unimpaired, but it was practically nullified by the answers to the points. Thus the plaintiff's first point, which was constructed with reference only to the contract and entirely ignored the subject of waiver, was affirmed without qualification, while the defendant's third

point, which stated the facts hypothetically including the evidence of waiver, was refused. It should have been affirmed. The defendant's fifth and seventh points were correct in substance, but were not strictly entitled to affirmance as they were put, because of certain expressions—in the former that it became the "duty of the plaintiff thereafter to treat the stock as the stock of defendant," and in the latter that the facts recited were "strong presumptive evidence of an abandonment." The former was too one-sided a presentation of the position, and the latter asked the judge to declare the weight of the presumptive evidence, which was a matter for the jury. The defendant's sixth point, which asked the court to charge that the same evidence amounted in law to an abandonment, was properly refused. The correct instruction on this point would be that if the jury find the contract sued on, the tender of the stock in rescission, and the refusal of the defendant to accept it, then the plaintiff had the right to do any acts in regard to the stock, reasonably necessary to protect his interests, and at the same time to maintain his claim to rescind, but on the other hand, the acts alleged, the direction to sell the stock, the giving of a proxy to cast his vote, and his personal attendance and participation in the business of the stockholders' meeting, were prima facie acts of ownership inconsistent with the demand for rescission, and therefore the jury were at liberty to infer from them an acquiescence in defendant's refusal, and an abandonment or waiver of such demand.

The other error was in telling the jury in answer to defendant's ninth point that "the receipt must be found by you to contain the entire contract of the parties." This was putting the burden on the wrong party. The written receipt admittedly contained an agreement to return the money in a certain contingency, and the presumption therefore was that that was the only contingency. The jury should have been told that the writing is presumed to contain the whole contract between the parties, and they must so find, unless satisfied by clear and convincing evidence that another part of the agreement was in fact made at the time, but by fraud, mistake or accident omitted from the writing.

The other assignments are not sustained. The relevancy of the matters inquired of, in the first four assignments, is not very

clear, and if introduced for the purpose of subsequent contradiction to affect the credibility of the witness, the more regular mode is to ask the questions directly, instead of bringing in collateral matters, indirectly, which may tend to prejudice the other party in the minds of the jury. But considerable latitude must be allowed to cross-examination in cases like the present, and much must be left to the discretion of the trial judge, whose position enables him to see the exigencies of the trial much better than we can. We are not convinced that there was any error in this respect in the present case.

Judgment reversed and venire de novo awarded.