## George Philler et al., Clearing House Committee, v. Abner A. Jewett & Co. and Isaac Keeler, Appellants.

*Banks and banking—Clearing house—Promissory notes.*

Certain banks constituting a clearing house association placed in the hands of the clearing house committee moneys and securities pledged (1) for the payment of daily balances; and (2) "for other indebtedness due to members of the association." One of defendant's notes was pledged by his bank with the clearing house committee. The bank had received aid from the committee in excess of the amount of its securities deposited to provide for daily balances, and to secure this, additional securities had been deposited. Subsequently the bank failed, and the current daily balance was paid out of the proceeds of the securities deposited for that purpose, leaving a surplus remaining. The additional securities were insufficient to pay the additional loan. Defendant's note was among the securities deposited to secure the daily balance. *Held,* that the clearing house committee held the note for value, and could apply it towards the payment of the additional loan, and that defendant had no right to set off against the note the amount which his bank owed him as a depositor.

Argued Jan. 10, 1895. Appeal, Nos. 512, Jan. T., 1895, and 118, July T., 1894, by defendants from judgments of C. P. No. 2, Phila. Co., Dec. T., 1891, No. 536, and C. P. No. 3, Phila. Co., March T., 1892, No. 692, on verdict for plaintiffs.

Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.　Affirmed.

Assumpsit on promissory note.　Before JENKINS, J.

In addition to the facts stated in the opinion of the Supreme Court, it appeared that article XVII of the Clearing House Association was as follows:

" The committee shall apply the deposits of any defaulting bank to the payment of the balances due by such bank at the clearing house, or to the reimbursement pro rata of the several banks furnishing said balance, under article XI; and the surplus, if any, shall be held as collateral security for other indebtedness to members of this association."

On April 7, 1891, and up to the time of the failure of the bank there were, as between the Spring Garden Bank and the Clearing House Association, two accounts, one designated as the loan certificate account and the other collateral regular or daily balance account.　Each had its specific collateral.　The note in suit was one of those held as collateral for the daily balance and was never entered or held in the loan certificate account.　The indebtedness due by the bank to the clearing house on collateral regular or for daily balances was at the time of suit paid in full, and the only indebtedness then existing was about $70,000 due on loan certificates.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiffs.　Defendant appealed.

*Error assigned* among others was above instruction.

*Joseph Leedom* for Abner A. Jewett & Co., cited: Bay v. Coddington, 5 Johns. Ch. 54; Kirkpatrick v. Muirhead, 16 Pa. 123; Petrie v. Clark, 11 S. & R. 377; Maynard v. Sixth Nat. Bank, 98 Pa. 252; Homes v. Smyth, 4 Shep. (Me.) 177.

*Alfred D. Weiler* and *Wm. W. Wiltbank*, for Isaac Keeler.

*A. T. Freedley*, for appellee, cited: Phœnix Ins. Co. v. Church, 81 N. Y. 222; Jones on Pledges, sec. 115; Bay v. Coddington, 5 Johns. Ch. 54; Clark v. Iselin, 21 Wall. 360; Casey v. Credit Mobilier, 2 Woods, 77; Muirhead v. Kirkpat-

rick, 21 Pa. 237; Miller v. Pollock, 99 Pa. 202; Philler v. Field, 29 W. N. C. 139; Story on Bailments, sec. 123; Talty v. Freedman's Co., 93 U. S. 321; Donald v. Suckling, Law Rep., 1 Queen's Bench, 585; Philler v. Woodfall, 3 Dist. Reps. 390; Hughes v. Large, 2 Pa. 103; Young v. Schriner, 80 Pa. 463; McManus v. Sweatman, 22 W. N. C. 54; Whitehead v. Walker, 10 Meeson & Welsby, 697; Kensington Nat. Bank v. Shoemaker, 11 W. N. C. 215; Nat. City Bank v. N. Y. Gold Exchange Bank, 101 N. Y. 595; Bolles on Practical Banking, 217; Gibbons' Banks of New York, 292; Chambers' Encyclopedia, title; "Clearing House;" Walker on Banking Laws, 68–70; Grant's Law of Bankers, 52; Warwick v. Rogers, 5 Manning & Granger, 348; Boddington v. Schlencker, 4 Barnwell & Adolphus, 153; Morse on Banks, 2d ed. 450–457; Johnson's Encyclopedia, title, "Clearing House;" Bolles on Banks and Their Directors, sections 420–426, pages 412 to 423; Fowler v. New York Exchange Bank, 67 N. Y. 138; Crane v. Clearing House, 3 Dist. Reps. 509.

OPINION BY MR. JUSTICE WILLIAMS, March 4, 1895:

The defendants are the makers of a promissory note which was discounted for them in due course of business by the Spring Garden National Bank. This bank was one of the associated banks of Philadelphia that had united to organize the clearing house as a convenient and expeditious instrument for making daily settlements with each other. To facilitate the transaction of the business for which it was created the associated banks placed in the hands of the clearing house committee a considerable fund to be used in paying daily balances due from debtor banks. This was contributed in cash or good securities at an agreed rate fixed by reference to the capital stock of each bank. The Spring Garden National Bank deposited securities instead of money; and these securities were pledged under sec. 4 of article 17 of the regulations for the clearing house adopted by the associated banks, first for the payment of daily balances; and next as security "for other indebtedness due to members of the association." The Spring Garden National Bank needed and had received aid in maintaining its credit much beyond the sum it had secured by its deposit to provide for daily balances. This aid was extended by the issue of clearing house

certificates in its behalf for quite a large sum; and to provide for their payment the bank had deposited other securities with the clearing house committee. After the bank failed the cur-. rent daily balance was paid out of the proceeds of the securities deposited for that purpose and there was, in the language found in the regulation, in art. 17, sec. 4, "a surplus remaining." The additional securities deposited to cover the certificates proved insufficient for that purpose leaving a balance of debt unprovided for amounting to about seventy thousand dollars. The plaintiffs claim to hold the surplus from the first batch of securities to meet, pro tanto, the deficit in the last. This is clearly within the contract under which the securities were deposited, and within the intention of the parties. The defendants have a claim against the Spring Garden Bank which they would be entitled to set off upon the note if the bank was still the holder; but it is not. It parted with the note before its maturity and for full value. It could not reclaim it from the clearing house without the payment of its entire indebtedness to that institution, and the defendants stand in no better position than the bank. Their set-off cannot be made available unless the bank is the owner. But as we have seen the title to the instrument passed from the bank to the plaintiffs, who are bona fide holders, and their right to recover upon it is clear. The learned judge of the court below was right therefore in giving to the jury a binding instruction on this subject, and the judgment is now affirmed.

GEO. PHILLER ET AL., CLEARING HOUSE COMMITTEE, v. ISAAC KEELER, APPELLANT.

OPINION BY MR. JUSTICE WILLIAMS, March 4, 1895:

This case involves the same question that has just been decided in Philler v. Jewett et al. For the reasons given in the opinion filed in that case the assignments of error are not sustained.

The judgment is affirmed.