# Graham *v.* Good, Appellant.

*Promissory note—Receipt—Evidence.*

In an action upon a promissory note given under an agreement between the parties to the note in relation to the purchase of shares of a corporation, it appeared that at the time of the delivery of the note plaintiff gave the defendant a receipt acknowledging that he had received the note which was for thirty days in payment of the number of shares named, and agreeing that if the note was paid at the end of thirty days, he would deliver a certificate for the shares to defendant, and that the shares would then be the property of the defendant. Testimony for the plaintiff tended to show that the sale of the stock was complete and absolute, but that because of the defendant's inability to pay for it at the time he requested the plaintiff to accept his note at thirty days; that the plaintiff agreed to do this after he had made inquiries as to the defendant's financial standing on condition that the stock, the certificate for which was in the name of a third party who had signed a blank power of

attorney indorsed on its back, should be pledged with him as a collateral security; that the writing signed by the plaintiff was in pursuance of this agreement and was intended to express it, and that after the maturity of the note the defendant repeatedly promised to pay it. *Held,* that plaintiff's evidence was sufficient to sustain a verdict and judgment in his favor.

Argued Jan. 8, 1909. Appeal, No. 212, Jan. T., 1908, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 3,974, on verdict for plaintiff in case of Charles H. Graham v. D. Clare Good. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,161. Defendant appealed.

*Errors assigned* were various instructions and rulings on evidence.

*W. L. Pascoe,* of *Stevens & Pascoe,* with him *G. W. Reed,* for appellant.

*William D. Neilson, Clinton Rogers Woodruff* and *Clarence E. Kuemmerle,* for appellee.

OPINION BY MR. JUSTICE FELL, March 1, 1909:

This action was on a promissory note for $3,000 drawn by the defendant to his own order, payable thirty days after date at the Real Estate Trust Company, Philadelphia. The note was given under an agreement between the parties in relation to the purchase of shares of a mining company, and at the time of its delivery to the plaintiff he gave the defendant a receipt in the following form: "I acknowledge having received from D. Clare Good note for 30 days for $3,000 in payment of 1,000 shares, Certificate No. 280 of the capital stock of the Liberty Copper Mining & Smelting Company, and I agree that if the

note is paid with interest at the end of 30 days, I will deliver said certificate to D. Clare Good, the certificate then to be the property of D. Clare Good."

At the trial it was testified on behalf of the plaintiff that the sale of the stock was complete and absolute, but that because of the defendant's inability to pay for it at the time he requested the plaintiff to accept his note at thirty days; that the plaintiff agreed to do this, after he had made inquiries as to the defendant's financial standing, on condition that the stock, the certificate for which was in the name of a third party who had signed a blank power of attorney indorsed on its back, should be pledged with him as a collateral security; that the writing signed by the plaintiff was in pursuance of this agreement and was intended to express it; that after the maturity of the note the defendant repeatedly promised to pay it. The instruction by the court was that, if this testimony was believed, a verdict should be rendered for the plaintiff.

The defendant presented no testimony, but asked for an instruction that there could be no recovery because the stock was not delivered or tendered at the maturity of the note, and that the agreement between the parties was merely an option to purchase and was ended by the failure of the defendant to pay the note at maturity and demand the stock.

If the agreement was as testified to by the plaintiff's witnesses, the sale was complete and absolute and the stock was pledged by the defendant as a security for the payment of his note, and there was no duty of delivery or tender by the plaintiff until the note had been paid. The testimony in relation to the agreement was admitted without objection by the defendant, and no question of the modification of a written agreement by parol evidence is in the case. In any event the receipt signed by one of the parties was open to explanation: Jessop v. Ivory, 172 Pa. 44.

The judgment is affirmed.