# Pittsburgh & Allegheny Bridge Co., Appellant, *v.* Allegheny County.

*Venue—Change of venue—Counties—Local prejudice—Appeals —Acts of March 30, 1875, P. L. 35, and March 18, 1909, P. L. 37.*

Under the Act of March 18, 1909, P. L. 37, amending the Act of March 30, 1875, P. L. 35, providing that where a county is a party there shall be a change of venue if it shall appear to the court that local prejudice exists, the determination of the question whether a change of venue should be ordered is a judicial and not a ministerial act, and as no appeal from such order is given by the statute, no appeal lies therefrom, except for an abuse of power.

Argued November 5, 1912. Appeal, No. 136, Oct. T., 1912, by plaintiff, from order of C. P. Allegheny Co., April T., 1912, No. 2211, refusing change of venue in

case of Pittsburgh & Allegheny Bridge Co. v. Allegheny County. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.    Affirmed.

Petition for change of venue.

FRAZER, P. J., filed the following opinion:

The testimony taken on this rule for a change of venue, in our opinion fails to sustain the main reasons set forth in support of the application, namely: the existence of local prejudice against the defendant.    The fact that Allegheny County is a party to the litigation will not, in our opinion, prejudice plaintiff in the least. Almost every day cases are tried in our courts in which the county is a party, and we have never noticed that any litigant was prejudiced by that fact, and we see no reason for anticipating a different result in this case. That a local prejudice exists against defendant is, we think, without merit.    To the extent that the testimony bears upon this reason it is in our opinion quite indefinite and fails to show a public prejudice against the defendant.    While the freeing of the bridges over the Allegheny river has been agitated for many years, that agitation has not provoked any serious feeling throughout the county, at least not such a feeling as would prevent plaintiff from receiving a fair and impartial trial at the hands of a jury selected from the citizens of the county.    The case, in our opinion, can be more conveniently and more expeditiously tried in this county than in any other, and with less likelihood of injustice being done either of the parties.

And now, to wit, June 11, 1912, the motion for a change of venue is refused.

*Error assigned* was the order of the court.

*Wm. A. Stone,* with him *Stephen Stone,* for appellant.

*Geo. C. Wilson,* with him *Wm. D. Evans,* for appellee.

PER CURIAM, January 6, 1913:

This appeal is from an order refusing a change of venue petitioned for on the ground that the county in which the action was pending was a party thereto and that because of local prejudice a fair trial could not be had in the county. The court found that the allegation of the existence of local prejudice that would prevent a fair trial was not sustained by the proofs. We find no reason to doubt the correctness of this finding. If our conclusion from an examination of the testimony, differed from that of the learned judge of the Common Pleas, there would be no ground for a reversal of the order made unless it clearly appeared that there had been an abuse of power. The fourth section of the Act of March 18, 1909, P. L. 37, amending the Act of March 30, 1875, P. L. 35, provides that where a county is a party there shall be a change of venue if it shall appear to the court that local prejudice exists. The determination of the question whether a change of venue should be ordered in such a case is a judicial and not a ministerial act, and no appeal having been given by statute none will lie, except for an abuse of power: Felts v. Railroad Co., 160 Pa. 503; Jessop v. Ivory, 172 Pa. 44.

The appeal is dismissed.