Fischer, Appellant, *v.* Commercial National Bank.

Argued January 8, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Frank Fogel,* for appellant.

*Joseph B. Quinn* and *Thomas J. Minnick, Jr.,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Appellant's chief complaint is that the trial judge was so unfair in his remarks, rulings and charge as to prejudice appellant's case with the jury. This complaint was reviewed with great care by the court in banc and found to be without merit. We have examined the record and the charge and agree with that court's conclusion. New trials for such reasons should be avoided unless the errors complained of are plainly prejudicial to one of the parties; harmless errors can never be the basis for them.

We will not reverse the court below for refusing to grant a new trial unless there is a palpable abuse of discretion: *Koppenhaver v. Swab,* 316 Pa. 207. A rightful exercise of discretion is presumed unless the contrary plainly appears: *Rose v. Adelphia Hotel,* 300 Pa. 1. While counsel's conduct at a trial may merit criticism, controversial speeches between court and counsel are to be avoided. See *Canon 15,* 9 Amer. Bar Assn. Journal 450. Where it is apparent that the remarks addressed to counsel by the trial judge in the presence of a jury are so harmful that a client's cause is prejudiced thereby, a new trial will be granted. As stated in *Weinberg v. Pavitt,* 304 Pa. 312, 324: "The trial judge should use

only such language as is essential to the requirements of the situation and should not unnecessarily belittle counsel's argument or cast unwarranted reproaches on him. In the eyes of the jury, counsel and client are so closely identified that a trial judge's belittling or apparent belittling of counsel is often prejudicial to the client." See also *Com. v. Stallone*, 281 Pa. 41. But here the record in no place shows such prejudice, bias or unfairness. The charge of bias or prejudice is most serious and must clearly appear in the record: *Pusey's Est.*, 321 Pa. 248.

After appellant's counsel had conducted an extensive cross-examination of appellee's witness, the court refused to allow further cross-examination as to his credibility. Counsel remarked, "If I cannot question this witness as to credibility any more, I have no further questions to ask." The extent to which a witness may be cross-examined for this purpose rests in the sound discretion of the trial court *(Jessop v. Ivory*, 158 Pa. 71), and its action in restricting this cross-examination was not error.

If the statement in the charge of the court that appellant refused to put up additional collateral because he was mistaken in his rights injected a superfluous issue into the case it would be harmless error; but there was evidence as to this issue. Appellant argues that the trial judge erred in instructing the jury that appellee acted properly in declining appellant's check and in refusing to credit appellant with the amount the latter had on deposit. Appellant had given a note to appellee, a bank, secured by collateral consisting of shares of stocks and bonds. He agreed in the note ". . . on demand to deposit with the holders hereof such additional security as they may from time to time require, and in default thereof" the note became instantly due and the collateral could be sold. The instrument provided that the holder might repledge or hypothecate these securities. The appellee had been placed on a restrictive basis by the fed-

eral authorities and it asked appellant "to adjust impaired margin on collateral loan," notifying him at the same time that the Pennsylvania Company held the note and securities as collateral for a loan to appellee, and that failure to comply with the notice would result in a sale of the collateral. Appellant offered a check for $541 which was the amount he had on deposit in appellee's bank at the time it was placed under restriction. This was rejected.

As a general rule, a depositor indebted to a bank may set off the amount to his credit against any indebtedness to the bank even though the bank is insolvent. Here the note owed by the appellant was in possession of the Pennsylvania Company as security for a loan. It was the understanding of the bank official who dealt with appellant that, if the note was out of appellee's possession, appellant's restricted balance in the bank could not be used as a credit. We have found no case dealing squarely with the right of a depositor to use his restricted deposit account as margin for a note to the depository bank which has been repledged by it. In *Philler et al. v. Jewett & Co.*, 166 Pa. 456, defendants gave a note to the Spring Garden National Bank and that bank deposited the note with the clearing house as security. The clearing house sued defendants on the note. Defendants tried to set off a deposit held in the bank. Binding instructions were given for the plaintiff. We said that: "Defendants have a claim against the Spring Garden Bank which they would be entitled to set off upon the note if the bank were still the holder; but it is not. . . . Their set-off cannot be made available unless the bank is the owner. See also *Balbach v. Frelinghuysen*, 15 Fed. 675.

It is apparent from the note that appellee had ample authority to repledge it, an unqualified right to call for additional collateral, and was not compelled to allow a set-off when it was not the holder of the note.

Judgment affirmed.